## JONATHAN DRAPER v. VICTOR BISHOP.

A petition by a defendant in a defaulted action to set aside the judgment by default and grant him a trial, on the ground that the judgment was obtained through the ignorance and mistake of the petitioner as to the time and mode of making his defence, must be accompanied with an affidavit of merits of defence, or by such proof as will satisfy the court of the existence of such merits.

It is too late to come with such a petition a year after the judgment was obtained, and after the petitioner has been an unsuccessful applicant for the benefit of the poor debtor's act, when committed on the execution issued on such judgment, and after too a bill in equity has been filed by the judgment creditor against the voluntary assignee of the petitioner for an account of the assigned assets and for their application to the payment of the judgment.

PETITION for a trial of a defaulted case, commenced against the petitioner at the March term of this court, 1856, upon the ground, that the petitioner was not aware that it was necessary for him to defend a suit in order to prevent judgment from passing against him by default therein, whereby the respondent had recovered against him, without cause, judgment for a large amount. The petition recited, that having been committed to jail on the execution issued in the defaulted suit, the petitioner became an applicant for, but was refused the benefit of the poor debtor's act; and it appeared, that the present application was not made until the execution creditor had filed a bill in equity against the assignee of the petitioner under a voluntary assignment for the benefit of his creditors, for an account and application of the assigned assets to the payment of his debts, nor until about a year after the judgment was entered against him by default.

Sadlier & Co. *v.* Fallon.

There was no affidavit of merits of defence to the defaulted action, nor any proof of such merits accompanying the petition.

AMES, C. J. The petitioner can hardly expect us to grant his application upon the supposition that a judgment obtained against him by default ought not stand, when he has not seen fit even to give us his own affidavit to the truth of the statement of defence made in his petition. It is very late, and not a little suspicious, to come with such a petition as this, a year after a judgment has been, as is alleged, obtained unjustly, and by mistake of the debtor as to the proper means of defence; and after the petitioner has been an unsuccessful applicant for the benefit of the poor debtor's act, which supposes the validity of the very judgment which he now seeks to set aside. In the mean time, too, the state of things has changed; the execution creditor having filed a bill in equity against the voluntary assignee of the debtor for an account and application of the assigned assets to the payment of his debt,—an expense from which he would have been saved if any diligence in applying for the relief now sought had been used by the petitioner. This petition looks very much like a new mode of defending against such a bill; and must be dismissed, with costs.